[Cite as *State v. Kerik*, 2023-Ohio-3455.]

STATE OF OHIO            )            IN THE COURT OF APPEALS
                         )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT         )

STATE OF OHIO                         C.A. No.      30539

    Appellee

    v.                               APPEAL FROM JUDGMENT
                                     ENTERED IN THE
CAROL KERIK                          STOW MUNICIPAL COURT
                                     COUNTY OF SUMMIT, OHIO
    Appellant                        CASE No.      2022-CRB-02331

DECISION AND JOURNAL ENTRY

Dated: September 27, 2023

HENSAL, Judge.

{¶1}   Appellant, Carol Kerik, appeals the judgment of the Stow Municipal Court. This Court affirms.

I.

{¶2}   This matter arises out of a shoplifting incident that occurred at the Home Depot located in Macedonia, Ohio, on June 27, 2021. In relation to the incident, Kerik was charged with one count of petty theft in violation of Section 545.05 of the Macedonia Codified Ordinances.

{¶3}   Kerik pleaded not guilty to the charge and the matter proceeded to a bench trial. The trial court found Kerik guilty of the sole charge against her. The trial court imposed a 180-day jail term, all of which was suspended on the condition that Kerik obey all laws for one year. The trial court also imposed a $150 fine and ordered Kerik not to return to any Home Depot stores.

{¶4}   On appeal, Kerik raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE APPELLANT'S CONVICTION FOR THEFT.

{¶5} In her first assignment of error, Kerik argues that the State failed to present evidence demonstrating that she acted knowingly when she exited Home Depot with items in her purse for which she had not paid. This Court disagrees.

{¶6} When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus.

{¶7} Kerik was convicted of one count of petty theft in violation of Section 545.05(a) of the Macedonia Codified Ordinances, which states, in pertinent part:

> No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
>
> (1) Without the consent of the owner or person authorized to give consent
>
> * * *
>
> (3) By deception[.]

{¶8} Section 501.08(b) provides that "[a] person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will

probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact." "[I]ntent can be determined from the surrounding facts and circumstances, and persons are presumed to have intended the natural, reasonable and probable consequences of their voluntary acts." *State v. Garner*, 74 Ohio St.3d 49, 60 (1995).

{¶9}  At trial, the State presented evidence supporting the following narrative. Kerik and her son, Christopher Putka, entered the Home Depot in the early afternoon on June 27, 2021. Kerik and Putka separated upon entering the store. An asset protection officer observed Putka walking through the hardware department carrying a bucket, but not using a cart. Putka then climbed into an overhead area to grab a certain type of Milwaukee batteries that were locked up on the shelf. The asset protection officer explained that the only way to obtain the Milwaukee batteries without the assistance of a store associate was to retrieve them from the overhead area. The asset protection officer thought this behavior was suspicious so he continued to observe Putka. Putka proceeded to walk through the electrical department where he placed a camera and a small speaker in the bucket.

{¶10}  Thereafter, Putka met up with Kerik, who was pushing a shopping cart. The shopping cart was holding a plant and Kerik's large cloth purse was located in the top basket. The asset protection officer was able to observe that the large cloth purse was empty. Putka took control of the cart and Kerik walked away. Putka proceeded to the cleaning department where he removed the items from the bucket and placed them into the purse. Kerik subsequently returned and Putka handed her the purse. Kerik took the purse and placed it over her shoulder. Kerik and

Putka then walked out of the store through the garden center, abandoning the shopping cart and the bucket. The asset protection officer explained at trial that the merchandise in the purse weighed approximately three and a half pounds.

{¶11} The asset protection officer made contact with Kerik outside the store. When the asset protection officer asked Kerik for the merchandise in her purse, Kerik apologized and handed over the items. The asset protection officer informed Kerik that he would need to call the police if she was unwilling to come back into the store. Kerik refused to go back into the store and she walked away. The asset protection officer called the police and reported the incident. Soon thereafter, a police officer located Kerik at an Outback Steakhouse in the area. The police officer transported Kerik back to the Home Depot. The asset protection officer testified that, upon returning to the store, Kerik voluntarily signed a statement indicating that she knowingly took the merchandise from the store without paying for it.

{¶12} A separate police officer initiated a stop of a vehicle driven by Putka shortly after the incident. Putka admitted to taking the items and indicated that he did not want his mother to get in trouble. Putka attempted to take responsibility for the events that transpired at Home Depot.

{¶13} On appeal, Kerik contends that the trial court's finding of guilt was predicated on impermissible inference-stacking because there was no evidence that Kerik knew both that items had been placed in purse and that those items had not be paid for.

{¶14} The evidence presented at trial was sufficient to demonstrate that Kerik knowingly exited the Home Depot while concealing merchandise in her purse for which she had not paid. We remain mindful that we must construe the evidence in the light most favorable to the State in resolving a sufficiency challenges. *Jenks*, 61 Ohio St.3d at 279. Here, the State presented evidence that Kerik and Putka engaged in a coordinated effort to exert control over Milwaukee batteries and

other merchandise and place those items in Kerik's large and empty purse, which was located in a shopping cart. After Putka placed the items in the purse, Kerik took the purse from Putka and walked out of the store without paying for the merchandise contained therein. Kerik subsequently signed a statement admitting that she had knowingly exited the store without paying for the merchandise. This evidence, when viewed in the light most favorable to the State, was sufficient to sustain Kerik's petty theft conviction in violation of Section 545.05 of the Macedonia Codified Ordinances.

{¶15} Moreover, to the extent that Kerik emphasizes that Putka attempted to take responsibility for the theft after police stopped his vehicle, we remain mindful that Kerik's challenge on appeal pertains to the sufficiency of the evidence, not the weight of the evidence. Accordingly, this Court must refrain from weighing the evidence and construe the evidence presented against Kerik in the light most favorable to the State. *Jenks* at 279. Kerik further challenges the probative value of the statement that she signed for the asset protection officer. Kerik asserts that the statement was on a pre-prepared form and was signed in a coercive environment. The document in question was distinctly marked as a "Voluntary Statement[.]" A review of the signed statement reveals that while there was standard language pertaining to knowingly leaving the store with merchandise without making payment, there was a handwritten description of the merchandise at issue in this case. Kerik signed and dated the form. This Court must consider all of the evidence presented by the State when analyzing the sufficiency of the evidence, regardless of whether the evidence was properly admitted. *State v. Vanni*, 182 Ohio App.3d 505, 2009-Ohio-2295, ¶ 15 (9th Dist.). Accordingly, the signed statement at issue here must be viewed in the light most favorable to the State when resolving a sufficiency challenge. *Jenks* at 279.

**{¶16}** It follows that Ms. Kerik's assignment of error is overruled.

III.

**{¶17}** Kerik's assignment of error is overruled. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

JOHN CHAPMAN, Attorney at Law, for Appellant.

MYRA SEVERYN, Prosecuting Attorney, for Appellee.